IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02961-RM-MEH

RONALD A. SCOTT,

       Plaintiff,

v.

RADHAKRISHNAN GURUSAMY,
TECHNOSOFT CORPORATION, and
SUNRIDGE GROUP, LLC

       Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

      Before the Court is Defendant Radhakrishnan Gurusamy's Motion to Dismiss Pursuant to

Fed. R. Civ. P. 12(b)(2) [filed December 29, 2016; ECF No. 22]. Pursuant to 28 U.S.C. §

636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the Honorable Raymond P. Moore referred the matter

to this Court for recommendation. ECF No. 25. For the reasons that follow, the Court respectfully

recommends that Defendant's Motion to Dismiss be denied.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

### I.   Statement of Facts

The following are factual allegations made by Plaintiff in his Complaint and Response, and offered by Defendant Radhakrishnan Gurusamy for jurisdictional analysis.  Plaintiff's allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(2).  *See, e.g.*, *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984) ("[In] a motion to dismiss for lack of jurisdiction . . . [t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.").

On September 26, 2016, Plaintiff accepted a position as Defendant Technosoft's Senior Director of Business Development.  Compl. ¶¶ 1–4, ECF No. 1.  Technosoft is a Michigan corporation that provides information technology, business process management, and consulting services to clients around the world.  Def.'s Mot. to Dismiss 2, ECF No. 22; Compl. ¶ 2; Aff. of Radhakrishnan Gurusamy ¶ 8, ECF No. 22-1.  Plaintiff's responsibilities included selling large information technology and software projects throughout Colorado, and other states in the western United States.  Compl. ¶ 2; Pl.'s Resp. to Def.'s Mot. To Dismiss ¶ 4, ECF No. 24.  Based on pre-employment discussions with Technosoft's representatives, Plaintiff believed he would earn a 10% to 12% commission rate, which would equate to approximately $550,000 per year.  Compl. ¶ 3.  Plaintiff's main contact inside Technosoft was Glen Higgins—Technosoft's Senior Vice President of Sales.  *Id.* at ¶¶ 3–4, 13.  Plaintiff's only pre-employment conversation with Gurusamy—Technosoft's President and Chairman of the Board—occurred during Plaintiff's interview at Technosoft's headquarters  in Michigan .  Aff. of Radhakrishnan Gurusamy ¶¶ 7, 12–13; Compl. ¶¶ 32–33.

After Plaintiff began his employment, Technosoft did not provide documents confirming its compensation plan and commission percentages, despite numerous requests from Plaintiff.  Compl. ¶¶ 7–9.  Additionally, Technosoft did not provide Plaintiff with the necessary technology to perform his responsibilities.  *Id.* at ¶ 12.  On December 1, 2016, Plaintiff complained to Technosoft's Legal Director about the preceding issues.  *Id.* at ¶ 13.  The following day, Technosoft terminated Plaintiff's employment.  *Id.* at ¶ 14.

## II.    Procedural History

Proceeding *pro se*, Plaintiff filed his Complaint on December 5, 2016 against Gurusamy, Technosoft, Richard Penington, and Sunridge Group, LLC.  Plaintiff brings six claims for relief: (1) civil conspiracy, (2) retaliation, (3) luring and fraudulent inducement, (4) breach of contract, (5) emotional distress, and (6) intentional fraud and misrepresentation.  Compl. ¶¶ 15–59.  Generally, Plaintiff alleges representatives of Technosoft conspired to fraudulently induce Plaintiff to leave his prior employment, and then retaliated against him for complaining to Technosoft's legal department. *Id.*

On December 28, 2016, Technosoft filed an Answer to Plaintiff's Complaint.  ECF No. 16. Although Technosoft denies or states that it lacks knowledge over Plaintiff's substantive allegations, Technosoft does not contend that this Court lacks personal jurisdiction over it.  *Id.*  Technosoft also asserts a counterclaim against Plaintiff for deceit in the hiring process.  *Id.* at 12–15.

Gurusamy responded to Plaintiff's Complaint with the present Motion, which challenges this Court's personal jurisdiction over him.  ECF No. 22.  Gurusamy asserts that he is a Michigan resident who has traveled to Colorado on behalf of Technosoft only once, which was for an unrelated client dinner.  Aff. of Radhakrishnan Gurusamy ¶¶ 4, 9.  Additionally, Gurusamy contends

his only conversations with Plaintiff occurred at Technosoft's office in Michigan.  *Id.* at ¶ 12.  In response, Plaintiff does not contend Gurusamy has any direct contacts with Colorado.  Pl.'s Resp. to Def.'s Mot. to Dismiss.  Instead, Plaintiff asserts the Court should impute Technosoft's contacts with Colorado to Gurusamy, because Technosoft is Gurusamy's alter ego.  *Id.* at ¶ 1.

Gurusamy filed a Reply on January 12, 2017.  ECF No. 30.  In support of his Reply, Gurusamy attached a second affidavit, which provides facts rebutting Plaintiff's alter-ego argument. ECF No. 30-1.  Plaintiff subsequently filed a surreply without seeking permission from the Court. ECF No. 33.  After Plaintiff realized that he is not automatically entitled to a surreply, he filed a motion to obtain leave to file a surreply on January 26, 2017.  ECF No. 38.  Because Gurusamy attached a new affidavit to his Reply, the Court granted Plaintiff's Motion only to the extent it directly rebuts the facts Gurusamy alleges in his second affidavit.  ECF No. 40.

On February 9, 2017, the Court held a hearing regarding the present Motion.  *See* ECF No. 48.  Specifically, the Court asked the parties to present argument on whether Gurusamy was a primary participant in the actions giving rise to this Court's personal jurisdiction over Technosoft. ECF No. 42.

## <u>LEGAL STANDARDS</u>

I.     **Dismissal Under Fed. R. Civ. P. 12(b)(2)**

The plaintiff bears the burden of establishing personal jurisdiction over the defendant.  *See, e.g.*, *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984) .  "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima

facie showing that jurisdiction exists."[2] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.

1995). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other

written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings,*

*Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

> The allegations in the complaint must be taken as true to the extent they are
> uncontroverted by the defendant's affidavits. If the parties present conflicting
> affidavits, all factual disputes must be resolved in the plaintiff's favor, and the
> plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation
> by the moving party. However, only the well pled facts of plaintiff's complaint, as
> distinguished from mere conclusory allegations, must be accepted as true.

*Wenz*, 55 F.3d at 1505 (citations and internal quotation marks omitted).

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal

jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d

797, 799 (10th Cir. 2000) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must

show that jurisdiction is legitimate under the laws of the forum state and that the exercise of

jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v.*

*Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2005) (quoting *Soma Med. Int'l v. Standard*

*Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)).  In Colorado, only one inquiry is necessary,

as the Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124(1), "confer[s] the maximum

jurisdiction permitted by the due process clauses of the United States and Colorado constitutions,"

---

[2] Although Plaintiff presented exhibits at the hearing on February 9, 2017, the Court does not rely on them in the adjudication of this Motion.  Moreover, the Court specifically stated in its Minute Order setting the hearing that it sought argument only on a narrow legal issue.  ECF No. 42. Therefore, the Court does not consider the February 9, 2017 hearing to have been an evidentiary hearing.

and its requirements are necessarily addressed under a due process analysis. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005) (en banc).

## II.    Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's pleadings "liberally" and hold the pleadings "to a less stringent standard than formal pleadings filed by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.").

## ANALYSIS

When evaluating personal jurisdiction under the due process clause, the Tenth Circuit conducts a two-step analysis. First, the court examines "whether the non-resident defendant has 'minimum contacts' with the forum state such 'that he should reasonably anticipate being haled into court there.'" *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.,* 488 F.3d 1282, 1287 (10th Cir. 2007) (citations omitted). The "minimum contacts" test may be met by establishing either general or specific jurisdiction. If a defendant has "continuous and systematic" contacts with the

forum state, he may be subjected to the general jurisdiction of the state's courts. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984); *see also Shrader v. Biddinger*, 633 F.3d 1235, 1247 (10th Cir. 2011) ("[S]poradic or isolated visits to the forum state will not subject the defendant to general jurisdiction."). In the absence of "continuous and systematic" contacts, courts may exercise specific jurisdiction when a defendant "purposefully directed" his activities at the state's residents, and the cause of action arises out of those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985); *see also Benton v. Cameco Corp.*, 375 F.3d 1070, 1076 (10th Cir. 2004) ("A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state." (internal quotation marks and citation omitted)).

If the plaintiff establishes that the defendant has minimum contacts, courts must analyze whether personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. *See, e.g.*, *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 764 (10th Cir. 2011). In assessing reasonableness, courts consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.*

The Court will first address whether Gurusamy has minimum contacts with Colorado. Because the parties agree that Colorado does not have general jurisdiction over Gurusamy, the Court will confine its minimum contacts analysis to specific personal jurisdiction. The Court will then

determine whether personal jurisdiction over Gurusamy is reasonable.

A.    Minimum Contacts

The parties do not dispute that Technosoft has minimum contacts with Colorado.  However, "[j]urisdiction over a corporation in a particular forum does not automatically confer jurisdiction over that corporation's employees." *Newsome v. Gallacher*, 722 F.3d 1257, 1275 (10th Cir. 2013); *see also Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987) ("Jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself . . . .").  Instead, "jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Indus. Park*, 810 F.2d at 1527; *see also Calder v. Jones*, 465 U.S. 783, 790 (1984) (stating that an employees "contacts with [the forum state] are not to be judged according to their employer's activities there. . . . Each [d]efendant's contacts with the forum State must be assessed individually.").  However, where individual officers and directors are primary participants in the wrongdoing giving rise to the court's jurisdiction over the corporation, they are subject to jurisdiction in the forum state. *Application to Enforce Admin. Subpoenas Duces Tecum of the SEC v. Knowles*, 87 F.3d 413, 418 (10th Cir. 1996) ("[E]mployees of a corporation that is subject to the personal jurisdiction of the courts of the forum may themselves be subject to jurisdiction if those employees were primary participants in the activities forming the basis of jurisdiction over the corporation." (citing *Calder*, 465 U.S. at 790)); *see also JD Parker Const., Inc. v. E. Equity Partners, LLC*, No. 08-cv-01392-LTB-MJW, 2009 WL 151491, at *3 (D. Colo. Jan. 22, 2009) (holding that the defendant was subject to personal jurisdiction in Colorado, because he was a primary participant in defrauding the plaintiff).

Based on this precedent, the issue before the Court is whether Gurusamy was a primary

participant in the wrongdoing forming the basis for jurisdiction over Technosoft. At oral argument, Defense counsel stated that Technosoft did not challenge jurisdiction in its Answer, because it allegedly fraudulently induced Plaintiff to grow its business in Colorado, among other places. Therefore, jurisdiction over Technosoft derives from the alleged fraudulent hiring scheme that Technosoft expressly aimed at a resident of Colorado with the intent of doing business in Colorado. This Court recommends holding that Gurusamy has minimum contacts with Colorado, because he was a primary participant in the alleged fraudulent hiring scheme that forms the basis for Technosoft's jurisdiction.

Plaintiff alleges Gurusamy personally interviewed him at Technosoft's headquarters in Michigan. Compl. ¶¶ 32–34. During this interview, Gurusamy told Plaintiff that "Technosoft had over 4000 employees and more than $150M in annual revenue." *Id.* at ¶ 32. Additionally, Gurusamy stated "that Technosoft was hiring over 70 new employees each week," which would imply a growth rate of more than 3600 employees annually. *Id.* at ¶ 33. According to Plaintiff, these statements "were false, fraudulent and designed to misrepresent the size and growth rate of Technosoft in order to lure Mr. Scott away from his employer." *Id.* at ¶ 34. Moreover, Gurusamy's actions were part of a conspiracy among Defendants to fraudulently induce Plaintiff to join Technosoft. *Id.* at ¶ 37.

Based on these allegations, the Court holds that Gurusamy was a "primary participant[] in an alleged wrongdoing intentionally directed at a [Colorado] resident . . . ."[3] *Calder*, 465 U.S. at

---

[3] Plaintiff's Complaint makes clear that Gurusamy was not Plaintiff's main contact within Technosoft. The majority of Plaintiff's conversations regarding employment were with Mr. Higgins, Technosoft's Senior Vice President of Sales. Compl. ¶¶ 3–4, 13. However, the case law does not suggest that there can be only one primary participant in an alleged wrongdoing. Indeed, the Tenth Circuit specifically stated in *Knowles* that "*employees* of a corporation that is subject to the personal

790. Indeed, lying to Plaintiff during an interview with the intent to induce him to sell Technosoft's software products in Colorado is direct participation in the wrongdoing giving rise to Technosoft's jurisdiction.

At oral argument, counsel for Gurusamy asserted that personal jurisdiction is not proper, because Gurusamy had only one meeting with Plaintiff, which was at Technosoft's headquarters in Michigan. Counsel is correct that participating in one out-of-state meeting with a Colorado resident is insufficient, by itself, to subject a  non-resident to personal jurisdiction in Colorado. Indeed, "[t]he plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction . . . ." *Shrader v. Biddinger*, 633 F.3d 1235, 1244 (10th Cir. 2011) (quoting *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002)).  However, where the non-resident participated in the meeting to further a scheme of wrongdoing that was purposefully directed at Colorado, it may be sufficient to subject to the non-resident to personal jurisdiction in Colorado.

The Tenth Circuit's decision in *Niemi v. Lasshofer* is instructive on this point.  770 F.3d 1331, 1347–50 (10th Cir. 2014).  In that case, the plaintiff alleged that a company agreed to provide funding for the plaintiff's property development in Breckenridge, Colorado with no intention of actually providing the funding. *Id.* at 1338.  The defendant—an agent of the company—argued that he did not have sufficient contacts with Colorado, because his "only in-person meeting with [the plaintiff] took place in Austria." *Id.* at 1349.  According to the Tenth Circuit, because the defendant discussed funding for the Colorado project at the meeting, the defendant was a primary participant

---

jurisdiction of the courts of the forum may *themselves* be subject to jurisdiction if those *employees* were primary *participants* in the activities forming the basis of jurisdiction over the corporation." 87 F.3d at 418 (emphasis added).

in the alleged wrongdoing.[4]  *Id.* at 1349–50.  Similarly, because Gurusamy allegedly used the interview to fraudulently induce Plaintiff to participate in Technosoft's business in Colorado, Gurusamy was a primary participant in the alleged wrongdoing directed at Colorado.

At oral argument, counsel for Gurusamy analogized the present case to *Albuquerque Facility, LLC v. Danielson*, 181 F. Supp. 3d 924 (D.N.M. 2016).  In that case, the defendant owned a corporation that allegedly submitted false information to a New Mexico state court.  *Id.* at 931.  The plaintiff subsequently brought suit in federal court alleging misuse of legal process.  *Id.* at 932.  The plaintiff argued that personal jurisdiction over the defendant was proper, because the defendant controlled the corporation, and thus, any false information the corporation submitted could be attributed to the defendant.  *Id.*  In finding that it lacked personal jurisdiction over the defendant, the court did not analyze whether the defendant was a primary participant in the alleged wrongdoing.[5] Instead, the court discussed whether jurisdiction was proper based on the defendant's control over the corporation—*i.e.* whether the corporation was the defendant's alter ego.  *Id.* at 931–33.  Because

---

[4] Although the defendant in *Niemi* also sent a letter to the plaintiff in Colorado after the meeting, the court held that the defendant's conduct was "more than enough to establish that [the defendant was] intentionally directing tortious action at Colorado."  *Id.* at 1349.

[5] Although the court stated that the issue before it was whether the defendant was a primary participant in the alleged wrongdoing, the court did not analyze this issue.  Instead, the court proceeded to discuss the alter-ego theory of jurisdiction.  *Id.* at 932 ("Plaintiff is effectively asking the Court to apply the "alter ego" doctrine to find that exercising jurisdiction over Mr. Danielson is proper.").  Moreover, to the extent the court held that an individual can be a primary participant only when the corporation is the individual's alter ego, the Court disagrees.  Such a holding would be directly contrary to Tenth Circuit precedent.    In *Knowles*, the Tenth Circuit held, without analyzing alter-ego jurisdiction, that the defendant was subject to personal jurisdiction in Colorado, because "he was the individual who took the actions on behalf of the two corporations that are the basis of jurisdiction."  87 F.3d at 418; *see also Niemi*, 770 F.3d at 1349–50 (holding that the defendant was a primary participant in the alleged wrongdoing without analyzing whether the corporation on behalf of which the defendant took the actions was the defendant's alter ego).

this Court does not assess whether jurisdiction is appropriate under the alter-ego theory, *Danielson* is not persuasive to this Court's analysis.

In sum, because Gurusamy allegedly lied to Plaintiff during an interview to induce Plaintiff to sell Technosoft's products in Colorado, Plaintiff was a primary participant in the activities forming the basis of jurisdiction over Technosoft. Therefore, Gurusamy took "an intentional action . . . that was [] expressly aimed at the forum [S]tate . . . with [] knowledge that the brunt of the injury would be felt in the forum [S]tate." *Newsome*, 722 F.3d at 1265 (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)). Because the Court finds that minimum contacts exist, the Court will next analyze whether exercising jurisdiction over Gurusamy would be reasonable in light of the circumstances surrounding this case.

    B.    <u>Reasonableness</u>

"[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). In assessing whether jurisdiction is reasonable, courts consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Id.* Here, the Court finds Gurusamy has not demonstrated other considerations that render jurisdiction unreasonable.

First, the burden on Gurusamy is slight, especially because the company for which he is the Chairman of the Board of Directors has already filed an Answer and submitted itself to the

jurisdiction of this Court.  *See* Aff. of Radhakrishnan Gurusamy ¶ 7, ECF No. 22-1 ("I am the chairman of the Board of Directors for Technosoft.").   Moreover, Plaintiff's claims against Technosoft and Gurusamy are largely identical, and Gurusamy is represented by the same counsel as Technosoft.  Second, Colorado certainly has an interest in resolving a dispute over an allegedly fraudulent scheme by a company attempting to do business in the State.  The third and fourth factors also favor jurisdiction in Colorado.  Because Plaintiff will continue to litigate his claims against Technosoft in Colorado, the most efficient resolution of this controversy is to litigate the entire dispute in this District.  Finally, the Court finds that the final factor does not weigh heavily in favor of either party.   Therefore, the Court recommends holding that exercising specific personal jurisdiction over Gurusamy would be reasonable.

## CONCLUSION

In sum, Plaintiff has sufficiently alleged that by conspiring to induce Plaintiff to sell Technosoft products in Colorado, and by taking specific actions directed at Plaintiff in furtherance of that conspiracy, Gurusamy was a primary participant in the alleged wrongdoing forming the basis for jurisdiction over Technosoft.  Because the Court recommends holding that the district court has specific personal jurisdiction based on Gurusamy's direct contacts with Colorado, the Court need not consider whether jurisdiction is proper under the alter-ego theory Plaintiff advances in his Response.  Accordingly, the Court **recommends** that Defendant Radhakrishnan Gurusamy's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) [filed December 29, 2016; ECF No. 22] be **denied**.

Entered and Dated at Denver, Colorado, this 14th day of February, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge